FILED
2024 Jun-11  AM 09:41
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT A

ELECTRONICALLY FILED
5/25/2024 12:48 PM
52-CV-2024-900232.00
CIRCUIT COURT OF
MORGAN COUNTY, ALABAMA
CHRIS PRIEST, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev. 9/18 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case: 52...<br><br>Date of Filing:<br>05/25/2024 | Judge Code: |

## GENERAL INFORMATION

**IN THE CIRCUIT COURT OF MORGAN COUNTY, ALABAMA**

**LARRY CLOPTON v. 3M COMPANY INC. ET AL**

**First Plaintiff:** ☐ Business  ☑ Individual   **First Defendant:** ☑ Business  ☐ Individual
☐ Government  ☐ Other                   ☐ Government  ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☑ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/ Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/ Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ EPFA - Elder Protection From Abuse
- ☐ QTLB - Quiet Title Land Bank
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:**  F ☑ INITIAL FILING       A ☐ APPEAL FROM DISTRICT COURT       O ☐ OTHER

R ☐ REMANDED       T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES  ☐ NO    **Note:** Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**   ☑ MONETARY AWARD REQUESTED   ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**

EAR013          5/25/2024 12:48:36 PM               /s/ JASON W. EARLEY
_____     _____          _____
                 Date                            Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:**    ☐ YES ☑ NO  ☐ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:**   ☐ YES ☑ NO

ELECTRONICALLY FILED
5/25/2024 12:48 PM
52-CV-2024-900232.00
CIRCUIT COURT OF
MORGAN COUNTY, ALABAMA
CHRIS PRIEST, CLERK

**IN THE CIRCUIT COURT OF MORGAN COUNTY ALABAMA**
**EIGHTH JUDICIAL CIRCUIT**

| | |
|---|---|
| **LARRY CLOPTON,** ) | |
| ) | |
| **Plaintiff** ) | |
| **v.** ) | |
| ) | |
| **3M COMPANY, INC.; TORAY** ) | |
| **FLUOROFIBERS (AMERICA), INC.;** ) | |
| **DAIKIN AMERICA, INC.; FICTITIOUS** ) | |
| **DEFENDANTS A, B, and C**, intending to ) | |
| refer to the entities described herein as ) | |
| "3M;" **FICTITIOUS DEFENDANTS D, E,** ) | |
| **and F**, intending to refer to the entities ) | |
| described herein as "Toray;" **FICTITIOUS** ) | |
| **DEFENDANTS G, H, and I**, intending to ) | |
| refer to the entities described herein as ) | |
| "Dyneon;" **FICTITIOUS DEFENDANTS** ) | |
| **J, K, and L**, intending to refer to the ) | |
| successors to Dyneon, LLC; **FICTITIOUS** ) **Case No. _____** | |
| **DEFENDANTS M, N, and O**, intending to ) | |
| refer to the entities described herein as ) | |
| "Daikin;" **FICTITIOUS DEFENDANTS P,** ) **JURY TRIAL DEMANDED** | |
| **Q, and R**, intending to refer to the ) | |
| individuals or entities that produced PFOA ) | |
| or PFOS; **FICTITIOUS DEFENDANTS S,** ) | |
| **T, and U**, intending to refer to the ) | |
| individuals or entities that negligently or ) | |
| wantonly disposed of PFOA or PFOS; ) | |
| **FICTITIOUS DEFENDANTS V, W, and** ) | |
| **X**, intending to refer to the individuals or ) | |
| entities that negligently or wantonly stored ) | |
| PFOA or PFOS; **FICTITIOUS** ) | |
| **DEFENDANTS Y, Z, and AA**, intending ) | |
| refer to the individuals or entities that ) | |
| negligently or wantonly transported PFOA or ) | |
| PFOS; **FICTITIOUS DEFENDANTS BB,** ) | |
| **CC, and DD**, intending to refer to the ) | |
| individuals or entities that negligently or ) | |
| wantonly handled PFOA or PFOS; ) | |
| **FICTITIOUS DEFENDANTS EE, FF,** ) | |
| **and GG**, intending to refer to the individuals ) | |
| or entities who allowed PFOA or PFOS to ) | |
| contaminate ground or surface water in ) | |
| Alabama counties that border the Tennessee ) | |

River; **FICTITIOUS DEFENDANTS HH,**                    )
**II, and JJ**, intending to refer to the                      )
individuals who worked for 3M whose                    )
negligence or wantonness allowed PFOA or         )
PFOS to contaminate ground or surface               )
water; **FICTITIOUS DEFENDANTS KK,**              )
**LL, and MM**, intending to refer to the              )
individuals who worked for Daikin whose           )
negligence or wantonness allowed PFOA or         )
PFOS to contaminate ground or surface               )
water; **FICTITIOUS DEFENDANTS NN,**              )
**OO, and PP**, intending to refer to the               )
individuals who worked for Toray whose            )
negligence or wantonness allowed PFOA or         )
PFOS to contaminate ground or surface               )
water. Plaintiff avers that the identities of the    )
Fictitious Defendants are unknown at this           )
time but will be added by amendment or              )
substitution when ascertained,                             )
                                                                              )
**Defendants.**                          )
                                                                              )

## COMPLAINT

Larry Clopton ("Plaintiff") brings this Complaint as an individual plaintiff. The Plaintiff sues 3M Company, Inc., Daikin America, Inc., Toray Fluorofibers (America), Inc., and various fictitious party defendants (collectively "Defendants"), and alleges upon information and belief as follows:

## INTRODUCTION

1.      3M, Daikin, and Toray operate manufacturing facilities located on the Tennessee River in Decatur, Alabama. For decades, these facilities have discharged toxic PFAS chemicals, including PFOA and PFOS, into the Tennessee River and the surrounding environment.

2.      PFAS chemicals are highly toxic and carcinogenic chemicals. When humans ingest PFAS chemicals, including PFOA and PFOS, these chemicals bind to proteins in the blood and

are readily absorbed and distributed throughout the body. These toxic chemicals remain and persist in the body for long periods of time. They accumulate over time and cause long-term, physiologic alterations to the blood, liver, prostates, immune systems, and other organs.

3.     Exposure to PFOA, PFOS, and related PFAS chemicals causes many diseases including, among others, prostate cancer, testicular cancer, liver cancer, testicular tumors, pancreatic cancer, prostate cancer, leukemia, lymphoma, bladder cancer, breast cancer, ulcerative colitis, thyroid disease, and infertility.

4.     Since the 1970s, 3M has known that PFAS chemicals accumulate in the human body and are potentially toxic to human health. But 3M did nothing to limit the release of these chemicals into the environment in Decatur. Instead, 3M told the public that PFOS was not a threat to human health or the environment.

5.     Similarly, Toray and Daikin knew for years about the risks PFAS poses to human health. Toray and Daikin continued to release PFOA into the environment anyway.

6.     The EPA recently declared that PFOA and PFOS are likely carcinogens and published a lifetime health advisory level for PFOA and PFAS that is below the level where PFOS or PFOA can be detected in water. The EPA has also proposed setting a maximum containment level for PFOA and PFOS in drinking water of 4.0 parts per trillion (ppt). The EPA stated that it anticipated that implementation of that standard would prevent "tens of thousands" of illnesses and deaths.

7.     Much of the PFOA, PFOS, and other PFAS chemicals discharged by the Defendants ended up in the Tennessee River and in Plaintiff' drinking water. Historically this water has had concentrations of PFOA and PFOS that far exceed 4.0 ppt.

8.     Plaintiff is a long-time resident of North Alabama. He has unknowingly ingested

water contaminated with dangerous levels of the PFAS chemicals released by Defendants.

9.      As a result, he has contracted a disease caused by his exposure to PFOA, PFOS, and other PFAS chemicals.

10.     This action seeks damages and other relief from the Defendants for the injuries caused by their negligent, willful, and wanton conduct.[1]

## PARTIES

11.     Plaintiff Larry Clopton is a citizen of Alabama and resident of Lawrence County, Alabama. Larry Clopton was regularly exposed to PFAS that was released by Defendants.

12.     Larry Clopton was diagnosed with prostate cancer as a result of his exposure to the PFAS chemicals released into the environment by Defendants.

13.     Defendant 3M Company, Inc. ("3M") is a Delaware corporation with its principal place of business in Minnesota. Its agent for service of process is Corporation Service Company, Inc., 641 South Lawrence Street, Montgomery, Alabama 36104.

14.     Defendant Toray Fluorofibers (America), Inc. ("Toray"), f/k/a Toray Advanced Fibers (America), Inc., is an Alabama corporation with its principal place of business in Morgan County, Alabama. Its agent for service of process is M. Edward Jamieson, 2032 Highway 20, Decatur, Alabama 35601.

15.     Defendant Daikin America, Inc. ("Daikin") is a Delaware corporation with its principal place of business in New York. Its agent for service of process is CT Corporation System, 2 North Jackson Street, Suite 605, Montgomery, Alabama 36104.

---

[1]      Plaintiff does not contend that he suffered any damages arising from or associated with aqueous film forming foam (AFFF) manufacture, use, and/or disposal. Plaintiff expressly disclaims that he has suffered any damages arising from or associated with AFFF manufacture, use, and/or disposal by any of the named defendants or any other entities.

16.     Fictitious Defendants A, B, and C, whose identities are not currently known, are the entities described herein as "3M."

17.     Fictitious Defendants D, E, and F, whose identities are not currently known, are the entities described herein as "Toray."

18.     Fictitious Defendants G, H, and I, whose identities are not currently known, are the entities described herein as "Dyneon."

19.     Fictitious Defendants J, K, and L, whose identities are not currently known, are the successors to Dyneon, LLC.

20.     Fictitious Defendants M, N, and O, whose identities are not currently known, are the entities described herein as "Daikin."

21.     Fictitious Defendants P, Q, and R, whose identities are not currently known, are individuals or entities that produced PFOA or PFOS.

22.     Fictitious Defendants S, T, and U, whose identities are not currently known, are individuals or entities that negligently or wantonly disposed of PFOA or PFOS.

23.     Fictitious Defendants V, W, and X, whose identities are not currently known, are individuals or entities that negligently or wantonly stored PFOA or PFOS.

24.     Fictitious Defendants Y, Z, and AA, whose identities are not currently known, are individuals or entities that negligently or wantonly transported PFOA or PFOS.

25.     Fictitious Defendants BB, CC, and DD, whose identities are not currently known, are individuals or entities that negligently or wantonly handled PFOA or PFOS.

26.     Fictitious Defendants EE, FF, and GG, whose identities are not currently known, are individuals or entities who allowed PFOA or PFOS to contaminate ground or surface water in Alabama counties that border the Tennessee River.

27.     Fictitious Defendants HH, II, and JJ, whose identities are not currently known, are individuals who worked for 3M whose negligence or wantonness allowed PFOA or PFOS to contaminate ground or surface water.

28.     Fictitious Defendants KK, LL, and MM, whose identities are not currently known, are individuals who worked for Daikin whose negligence or wantonness allowed PFOA or PFOS to contaminate ground or surface water.

29.     Fictitious Defendants NN, OO, and PP, whose identities are not currently known, are individuals who worked for Toray whose negligence or wantonness allowed PFOA or PFOS to contaminate ground or surface water.

30.     All named and fictitious defendants are referred to collectively herein as "Defendants."

## JURISDICTION AND VENUE

31.     This civil action is within the subject matter jurisdiction of this Court because the amount in controversy exceeds $20,000. *See* Ala. Code § 12-11-30(1). All claims asserted herein arise under state law; Plaintiff are not asserting any federal cause of action.

32.     This Court has personal jurisdiction over the named defendants. Toray is an Alabama corporation and is thus subject to general personal jurisdiction in Alabama. 3M, Toray, and Daikin committed in Alabama the tortious acts described herein. Plaintiff was exposed in Alabama to PFAS chemicals including PFOA and PFOS that originated from 3M, Toray, and Daikin's facilities in Alabama.

33.     Venue is proper in this Court. This action arises out of acts or omissions that occurred in Morgan County.

## FACTS

### *PFOA and PFOS are fully fluoralinated organic compounds.*

34.     Per- and polyfluoralkyl substances (PFAS) are a class of chemicals that contain carbon-fluorine bonds and that repel oil and water, have a low coefficient of friction, and have a high temperature resistance. Because of those qualities, PFAS has been used in a variety of products, such as non-stick cookware, Scotchgard, bushings and bearings, and Gore-Tex.

35.     The PFAS family of chemicals are entirely human made and do not naturally occur or otherwise exist.

36.     PFAS include, but are not limited to, perfluorooctanoic acid ("PFOA"), perfluorooctane sulfonic acid ("PFOS"), and related chemicals, including those that degrade to PFOA and/or PFOS.

37.     Two of the most prominent types of PFAS are PFOA and PFOS. PFOA (perfluorooctanoic acid [$C_8HF_{15}O_2$]) is a fully fluorinated, eight-carbon chain carboxylic acid. PFOS (perfluorooctane sulfonic acid [$C_8F_{17}SO_3H$]) is a fully fluorinated, eight chain sulfonic acid. Sometimes PFOA and PFOS are called C8 chemicals.

38.     PFOA and PFOS have been used in a variety of consumer and industrial products— from Scotchgard, to protective apparel, to bearings and bushings—due to their ability to repel water and their resistance to degradation.

### *PFOA and PFOS are not biodegradable and bioaccumulate.*

39.     Carbon-fluorine bonds are among the strongest bonds in organic chemistry. The strength of those chemical bonds enables fully fluorinated hydrocarbons such as PFOA and PFOS to withstand high temperatures and resist degradation from acids, alkalis, oxidizing agents, and photolysis.

40.    But that resistance to degradation means that PFAS substances like PFOA and PFOS will persist in the environment and can accumulate in the tissue of animals and humans.

41.    PFAS, such as PFOA and PFOS, are pollutants under the Alabama Water Pollution Control Act, Ala. Code § 22-22-1, *et seq.*, and the Alabama Air Pollution Control Act, Ala. Code § 22-28-1, *et seq.*[2]

**3M produced PFOA and PFOS in Decatur, and Toray and Daikin similarly used PFOA in Decatur.**

42.    3M was the sole producer of PFOS in the United States.

43.    3M has operated a chemical plant in Decatur, Alabama, since 1961 where it has produced Scotchgard, among other products.

44.    3M's Decatur plant produced perfluorooctanesulfonyl fluoride, a chemical that degrades to or metabolizes to PFOS.

45.    PFOA is a byproduct of perfluorooctanesulfonyl fluoride production.

46.    3M also began manufacturing PFOA at its Decatur plant in 1998.

47.    Dyneon, LLC, a 3M subsidiary, produced PFAS at the site of 3M's Decatur plant beginning in the late 1990s.

48.    Dyneon, LLC has since merged into 3M and continues to operate within 3M's Advanced Materials Division.

49.    3M was not the only source of PFOA in the Decatur area. Toray operates a plant in Decatur where, for years, it used PFOA in manufacturing products such as oil- and water-repellant textiles.

50.    Daikin also operates a plant in Decatur where it manufactured PFOA and further

---

[2] *See* In the Matter of 3M Company, Inc., Ala. Dep't of Envtl. Mgmt., Consent Order No. 20-086-CWP/AP/GW/HW/DW/SW ¶ 8 (July 24, 2020).

manufactured other products that used PFOA as a raw material.

***3M has long known that PFAS contaminates the environment and causes disease yet hid that information from the public for years.***

51.     3M has known for decades that PFOA and PFOS are hazardous and can accumulate in water supplies.

52.     3M has also long known that fluorochemicals like PFAS can accumulate in the blood of those who are exposed to those chemicals. In 1976, 3M observed that "Decatur personnel exposed to fluorochemicals have up to 300 times 'normal' levels of organically bound fluorine in their blood."

53.     3M has known that PFOA, PFOS, and related chemicals are toxic since at least the 1970s. For instance, a 1979 3M study of the effects of fluorochemical compounds on Rhesus monkeys was terminated after 20 days because all of the monkeys, at all dosage levels, died as a result of exposure to fluorochemicals. It was not until 21 years later, in March 2000, that 3M told the public that a "new study" of the effects of these compounds on Rhesus monkeys is part of the reason 3M pulled one of its consumer products, Scotchgard, off the market. In 1983, a team of 3M toxicologists recommended broad testing regarding the effects of 3M's fluorochemicals on the environment and human beings.

54.     In 1983, 3M acknowledged in an internal report that "[i]n the case of fluorochemicals, structural considerations and test results to date give rise to concern for environmental safety" and "give rise to questions about the persistence, accumulation potential, and ecotoxicity of fluorochemicals in the environment."[3]

55.     In the 1990s, 3M's manager of corporate toxicology said that 3M should replace

---

[3] https://www.ag.state.mn.us/Office/Cases/3M/docs/PTX/PTX1282.pdf

"PFOS-based chemistry as these compounds [are] VERY persistent and thus insidiously toxic."[4]

56.     By the late 1990s, 3M performed additional testing that indicated that PFOA caused testicular, liver, and pancreatic cancer in rats.

57.     Despite knowing that PFAS substances are not biodegradable, 3M publicly stated otherwise. Acknowledging that misrepresentation, a 3M employee wrote in internal memo in 1988 that "I don't think it is in 3M's long-term interest to perpetuate the myth that these fluorochemical surfactants are biodegradable. . . ."

58.     Between the 1970s and 1990s, 3M conducted over 1,000 studies on the potential properties and effects of PFOS, PFOA, and related products on human health and the environment that it was required to disclose to the EPA under the Toxic Substances Control Act. 3M, however, only provided the EPA 84 of those studies prior to 1998. The EPA fined 3M $1.5 million for failing to timely disclose those studies.

### Toray and Daikin knew or should have known of the dangers that PFOA presents.

59.     Toray and Daikin similarly knew, or should have known, of the dangers that PFOA presents.

60.     As early as 2003, Daikin was a member of a Fluoropolymer Manufacturers Group working with the EPA on its concerns related to PFOA.

61.     Toray and Daikin knew, or should have known, that substances such as PFOA, that contain fluorine-carbon bonds resist degradation.

62.     Published research studies that were available to Toray and Daikin noted a relationship between illnesses such as prostate, bladder, and prostate cancer and PFOA exposure.

---

[4] https://minnesotareformer.com/2022/12/15/toxic-3m-knew-its-chemicals-were-harmful-decades-ago-but-didnt-tell-the-public-government/

*See, e.g.*, Christopher Lau, et al., "Perfluoroakkyl Acids: A Review of Monitoring and Toxicological Findings," 99 *Toxicological Studies* 366 (2007).

63.     The EPA, concerned about the dangers of PFOA, further announced a PFOA stewardship program in 2006 which aimed to phase out the use of PFOA.

64.     Yet Toray and Daikin continued to use (and, in the case of Daikin, manufacture) PFOA in Decatur, even after publication of those studies and after the announcement of EPA's efforts to end PFOA use.

### *PFOA and PFOS exposure is linked to several types of cancer and other illnesses.*

65.      As the Defendants have long known, PFAS chemicals are associated with a wide variety of adverse health effects in humans.

66.     Exposure to PFOA, PFOS, and other PFAS chemicals has been linked to serious medical conditions including, but not limited to, prostate cancer, testicular cancer, liver cancer, testicular tumors, pancreatic cancer, prostate cancer, breast cancer, leukemia, lymphoma, bladder cancer, thyroid disease, ulcerative colitis, and infertility.

67.     The C8 Science Panel investigated the health effects of PFOA exposure on individuals living near a West Virginia plant. In one of the largest domestic epidemiological studies ever, the Science Panel collected blood samples and medical records from 69,000 participants. The Science Panel found probable links between PFOA exposure and several illnesses, including prostate cancer, testicular cancer, thyroid disease, and ulcerative colitis.[5]

68.     A mortality study of workers at a DuPont plant that produced PFOA found that prostate cancer mortality was nearly doubled when compared to other DuPont workers in the

---

[5] *See In re E.I. du Pont de Nemours and Co. C-8 Personal Injury Litig.*, 54 F. 4th 912 (6th Cir. 2022).

region.

69.     The American Cancer Society notes that studies have suggested that exposure to PFOA is associated with liver, testicular, breast, prostate, bladder, and pancreatic cancer.[6]

70.     The EPA has further noted the PFOA and PFOS exposure may cause certain diseases:

> [S]tudies indicate that exposure to PFOA and PFOS over certain levels may result in adverse health effects, including developmental effects to fetuses during pregnancy or to breastfed infants (e.g. low birth weight, accelerated puberty, skeletal variations), cancer (e.g., testicular, prostate), liver effects (e.g., tissue damage), immune effects (e.g. antibody production and immunity), thyroid effects and other effects (e.g., cholesterol changes).[7]

71.     In 2023, the EPA concluded that "the evidence supporting the carcinogenicity of PFOA has been strengthened by additional published studies" and cited multiple studies associating PFOA exposure with prostate and testicular cancer.[8] The EPA further concluded that "[t]he available epidemiology studies reported elevated risk of bladder, prostate, prostate, and breast cancers after chronic PFOS exposure."[9]

72.     The EPA further declared in 2023 that it "has determined that PFOA and PFOS are likely to cause cancer (e.g. prostate and liver cancer) and that there is no dose below which either chemical is considered safe."[10]

73.     The World Health Organization's International Agency for Research on Cancer recently determined that PFOA is carcinogenic to humans.

---

[6] https://www.cancer.org/cancer/risk-prevention/chemicals/teflon-and-perfluorooctanoic-acid-pfoa.html
[7] EPA Fact Sheet – PFOA & PFOS Drinking Water Health Advisories, https://www.epa.gov/sites/default/files/2016-06/documents/drinkingwaterhealthadvisories_pfoa_pfos_updated_5.31.16.pdf
[8] *See* 88 FR 18656.
[9] *Id*. at 18660.
[10] *Id*. at 18639.

*PFOA and PFOS can enter water supplies.*

74.     Toxic PFAS chemicals can enter water, including groundwater, after being released from industrial facilities that use or produce PFOA, PFOS, and other PFAS chemicals. PFOA, PFOS, and other PFAS chemicals can also leach into groundwater from sites where those chemicals were disposed.

75.     PFOA, PFOS, and other PFAS chemicals are not removed from municipal water supplies through conventional water filtration and purification methods.

76.     Individuals can absorb PFOA, PFOS, and other PFAS chemicals from drinking water contaminated with those substances.

77.     The EPA has determined that drinking water can be a source of exposure to PFOA and PFOS in communities where PFOA and PFOS have contaminated water supplies.[11]

*The 3M, Toray, and Daikin plants contaminated water supplies in North Alabama.*

78.     The EPA has identified the 3M, Toray, and Daikin plants as sources of PFAS found in North Alabama's water supply.

79.     3M understood that wastewater from its Decatur plant contained PFAS. In the 1970s, 3M found fluorochemicals in bluegill fish exposed to effluent discharged into the Tennessee River from the Decatur plant. 3M conducted tests in 1980 that showed that wastewater from its Decatur plant was contaminated with fluorine-containing organics.[12] Years later, 3M, in an e-mail with the subject line "Accumulation and Disposal of Waste Water at Decatur," wrote that "we must begin to capture and incinerate the waste water process streams containing residuals

---

[11] https://www.epa.gov/sites/default/files/2016-06/documents/drinkingwaterhealthadvisories_pfoa_pfos_updated_5.31.16.pdf
[12] https://www.ag.state.mn.us/Office/Cases/3M/docs/PTX/PTX1233.pdf

as soon as possible."[13]

80.    In a 1983 report, 3M acknowledged that "fluorochemicals entering the Tennessee River in wastewater effluent were present at 10.9 ppm organic fluorine."[14]

81.    3M's Decatur plant continues to release PFOS into the Tennessee River.[15]

82.    3M also disposed of PFOS and PFOA at various dump sites in the Decatur area. Leachate from those dump sites has contaminated, and continues to contaminate, groundwater with PFOA and PFOS.

83.    Waste generated by the Toray and Daikin plants have further contaminated water supplies with PFOA.

84.    It was reasonably foreseeable to Defendants that PFOA, PFOS, and other PFAS chemicals would enter water supplies in North Alabama. The Tennessee River and its tributaries and groundwater, which were all contaminated with PFOA, PFOS, and other PFAS chemicals from the release of wastewater and the dumping of PFOA and PFOS-contaminated waste, supply drinking water for many North Alabama residents.

85.    PFOS and PFOA originating from the 3M, Toray, and Daikin plants continue to contaminate the ground and surface water that supplies drinking water for many residents in North Alabama.

86.    Tests in recent years have shown high levels of PFOA and PFOS in North Alabama water supplies. The West Morgan-East Lawrence Water Authority, for instance, has found its water to have PFOA levels of 100 ppt and PFOS levels of 190 ppt—levels dozens of times higher than the 4.0 ppt maximum recently proposed by the EPA. Groundwater, which feeds wells and

---

[13] https://www.ag.state.mn.us/Office/Cases/3M/docs/PTX/PTX2721.pdf
[14] https://www.ag.state.mn.us/Office/Cases/3M/docs/PTX/PTX1284.pdf
[15] https://apnews.com/4bc3068097e34694b1bf5d48ad9a9b52

springs, is also contaminated with PFOA and PFOS.

**The EPA has sought to reduce PFOA and PFOS production.**

87.    In 2000, the EPA declared "that continued manufacture and use of PFOS represents an unacceptable technology that should be eliminated to protect human health and the environment from potentially severe long-term consequences."[16]

88.    In 2023, the EPA, after further investigating the health effects of PFOA and PFOS and declaring both chemicals to be likely carcinogens, proposed setting an enforceable maximum containment level for PFOA and PFOS in drinking water at 4.0 ppt.[17]

89.    The EPA anticipates that implementation of a maximum containment level of 4.0 ppt will "reduce tens of thousands of PFAS-attributable illnesses or deaths."[18]

**Plaintiff developed cancer as a result of his exposure to PFAS chemicals.**

90.    Plaintiff lived in North Alabama for decades. Unbeknownst to Plaintiff, his drinking water contained high levels of PFOA, PFOS, and other PFAS chemicals that originated from the 3M, Toray, and Daikin plants.

91.    Plaintiff ingested PFOA, PFOS, and other PFAS chemicals when they consumed contaminated water, and PFOA, PFOS, and other PFAS chemicals accumulated in Plaintiff's body.

92.    Plaintiff has been diagnosed with prostate cancer.

93.    Plaintiff's illness was caused by consumption of water containing PFOA, PFOS, and other PFAS chemicals that originated from the 3M, Daikin, and Toray plants in Decatur.

94.    Plaintiff is not claiming injury arising from or associated with aqueous film forming

---

[16] https://www.ag.state.mn.us/Office/Cases/3M/docs/PTX/PTX1691.pdf
[17] *See* 88 FR 18641.
[18] https://www.epa.gov/system/files/documents/2023-04/Fact%20Sheet_PFAS_NPWDR_Final_4.4.23.pdf

foam (AFFF) manufacture, use, and/or disposal.

## COUNT I – NEGLIGENCE
### (against all Defendants, including fictitiously described Defendants)

95.    The allegations above are incorporated herein by reference.

96.    Defendants knew or should have known that PFOA, PFOS, and other PFAS chemicals can contaminate water supplies, accumulate in animals and humans, and cause diseases such as cancer. Defendants had a duty to exercise reasonable care in producing, using, handling, storing, and/or disposing of PFOA, PFOS, and/or other PFAS chemicals.

97.    Defendants produced, used, or handled PFOA, PFOS, and/or other PFAS chemicals at industrial plants in Decatur.

98.    Defendants failed to act reasonably in producing, using, or handling PFOA, PFOS, and/or other PFAS chemicals and further failed to act reasonably in disposing of or storing PFOA, PFOS, and/or other PFAS chemicals.

99.    As a result of the negligence of Defendants, area water supplies were contaminated with PFOA, PFOS, and/or other PFAS chemicals.

100.    Plaintiff suffered injuries after consuming water contaminated with PFOS, PFOA, and/or other PFAS chemicals that originated from industrial sites in Decatur.

101.    The contamination of water supplies with PFOA, PFOS, and/or other PFAS chemicals by Defendants caused Plaintiff to become ill and Plaintiff has been damaged as a result.

## COUNT II – WANTONNESS
### (against all Defendants, including fictitiously described Defendants)

102.    The allegations above are incorporated herein by reference.

103.    Defendants were consciously aware that PFOA, PFOS, and/or other PFAS chemicals can contaminate water supplies, accumulate in animals and humans, and cause diseases

such as cancer. Defendants had a duty to exercise reasonable care in operating their industrial plants in Decatur and in producing, using, handling, storing, and disposing of PFOA, PFOS, and/or other PFAS chemicals.

104. Defendants produced, used, or handled PFOA, PFOS, and/or other PFAS chemicals at their industrial plants in Decatur.

105. Despite their awareness of the dangers that PFOA, PFOS, and/or other PFAS chemicals present, Defendants failed to act reasonably in producing, using, or handling PFOA, PFOS, and/or other PFAS chemicals and further failed to act reasonably in disposing of or storing PFOA, PFOS, and/or other PFAS chemicals.

106. As a result of the wantonness of Defendants, area water supplies were contaminated with PFOA, PFOS, and/or other PFAS chemicals.

107. Plaintiff suffered injuries after consuming water contaminated with PFOA, PFOS, and/or other PFAS chemicals that originated from industrial sites in Decatur.

108. The contamination of water supplies with PFOA, PFOS, and/or other PFAS chemicals by Defendants caused Plaintiff to become ill and Plaintiff has been damaged as a result.

## COUNT III – PRIVATE NUISANCE
### (against all Defendants, including fictitiously described Defendants)

109. The allegations above are incorporated herein by reference.

110. The acts and omissions of Defendants caused the contamination of water supplies that provide water to thousands of North Alabama residents and have therefore worked hurt, inconvenience, or damage.

111. Plaintiff, by developing prostate cancer, suffered an injury as a direct result of the acts and omissions of Defendants that is greater than that suffered by the general public. Plaintiff therefore suffered special damage that is different in kind and degree from the damages suffered

by the public in general.

## COUNT IV – BATTERY
### (against all Defendants, including fictitiously described Defendants)

112.    The allegations above are incorporated herein by reference.

113.    Defendants touched or contacted the Plaintiff through their release of PFOA, PFOS, and other PFAS related chemicals into the water supply Plaintiff drank.

114.    The Defendants intended to touch or contact the Plaintiff through their release of PFOA, PFOS, and other PFAS related chemicals into the water supply Plaintiff drank, knew their intentional acts would be substantially certain to result in such contact, or were recklessly indifferent to whether such contact would occur.

115.    The touching or contact of the Plaintiff by the Defendants' toxic chemicals was and is harmful and offensive.

116.    The Defendants' battery is continuing because Defendants' discharges and releases of PFOA, PFOS, and other PFAS related chemicals into the water supply Plaintiff drinks are continuing.

117.    As a result of the Defendants' battery, the Plaintiff has been and continues to be damaged.

## COUNT V – FRAUDULENT CONCEALMENT
### (against 3M)

118.    The allegations above are incorporated herein by reference.

119.    3M knew that fluorinated chemicals produced at its Decatur plant were entering the Tennessee River, which was a water source for many North Alabama residents. 3M further knew that PFAS chemicals are insidiously toxic, can cause disease, and are not biodegradable.

120.    3M had greater knowledge than Plaintiff about the presence of PFOS and PFOA in

drinking water and about the dangers posed by such contamination. In fact, Plaintiff was largely ignorant of the dangers presented by PFOS and PFOA during years when Plaintiff was consuming water that was contaminated with those substances.

121.     3M further failed to disclose hundreds of research studies it had conducted on PFOS and related substances, as it was required to do under the Toxic Substances Control Act, resulting in a $1.5 million fine.

122.     Plaintiff would not have consumed water from area water supplies had Plaintiff known that they were contaminated with PFOA, PFOS, and/or other PFAS chemicals and further known of the danger that those substances present.

123.     Because 3M failed to disclose information about PFOS and PFOA contamination of North Alabama water supplies and further failed to disclose information about the health hazards that PFOA, PFOS, and/or other PFAS chemicals present, Plaintiff consumed contaminated water and, as a result, suffered injury.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff seeks judgment against Defendants (including fictitiously described Defendants) for all available damages for the injuries that Plaintiff has suffered, including, but not limited to medical bills, pain and suffering, loss of enjoyment of life, mental anguish, shortened life expectancy, as well as punitive damages, costs, and attorneys' fees to the extent that such fees may be recovered under applicable law.

## PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE.

May 25, 2024                                   */s/ Jason W. Earley*
                                              Jason W. Earley
                                              *Attorney for Plaintiff*


**OF COUNSEL**
HARE, WYNN, NEWELL & NEWTON, LLP
Jason W. Earley
Tempe D. Smith
Christopher S. Randolph, Jr.
800 Shades Creek Parkway, Suite 800
Birmingham, Alabama 35209
(205) 328-5330
jason@hwnn.com
tempe@hwnn.com
chris@hwnn.com

GARNETT PATTERSON INJURY LAWYERS, LLC
Hunter S. Garnett
100 Jefferson Street South, Suite 300
Huntsville, Alabama 35801
(256) 539-8686
hunter@gpinjurylaw.com


**DEFENDANTS TO BE SERVED BY CERTIFIED MAIL AS FOLLOWS:**

3M Company, Inc.
c/o Corporation Service Company, Inc.
641 South Lawrence Street
Montgomery, Alabama 36104

Toray Fluorofibers (America), Inc.
c/o M. Edward Jamieson
2032 Highway 20
Decatur, Alabama 35601

Daikin America, Inc.
c/o CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, Alabama 36104



AlaFile E-Notice

52-CV-2024-900232.00

To:   JASON W. EARLEY
      jason@hwnn.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MORGAN COUNTY, ALABAMA

LARRY CLOPTON V. 3M COMPANY INC. ET AL
52-CV-2024-900232.00

The following complaint was FILED on 5/25/2024 12:48:37 PM

Notice Date:     5/25/2024 12:48:37 PM

CHRIS PRIEST
CIRCUIT COURT CLERK
MORGAN COUNTY, ALABAMA
302 LEE STREET
POST OFFICE BOX 668
DECATUR, AL, 35602

256-351-4720
chris.priest@alacourt.gov

**USPS CERTIFIED MAIL**

```
9236 0901 7301 4152 2400 0159 75
```

*302 LEE STREET*
*POST OFFICE BOX 668*
*DECATUR, AL, 35602*

**52-CV-2024-900232.00**

**Restricted Delivery**

To:  3M COMPANY INC.
C/O CORP SERVICE CO
641 SOUTH LAWRENCE STREET
MONTGOMEERY, AL 36104

# NOTICE OF ELECTRONIC FILING

**IN THE CIRCUIT COURT OF MORGAN COUNTY, ALABAMA**

**LARRY CLOPTON V. 3M COMPANY INC. ET AL**
**52-CV-2024-900232.00**

The following complaint was FILED on 5/25/2024 12:48:37 PM

Notice Date:     5/25/2024 12:48:37 PM

**CHRIS PRIEST**
**CIRCUIT COURT CLERK**
MORGAN COUNTY, ALABAMA
302 LEE STREET
POST OFFICE BOX 668
DECATUR, AL 35602

256-351-4720
chris.priest@alacourt.gov



USPS CERTIFIED MAIL

*302 LEE STREET*
*POST OFFICE BOX 668*
*DECATUR, AL, 35602*

9236 0901 7301 4152 2400 0159 82

**52-CV-2024-900232.00**

**Restricted Delivery**

To:  TORAY FLUOROFIBERS (AMERICA), INC.
C/O M. EDWARD JAMIESON
2032 HIGHWAY 20
DECATUR, AL 35601

# NOTICE OF ELECTRONIC FILING

**IN THE CIRCUIT COURT OF MORGAN COUNTY, ALABAMA**

**LARRY CLOPTON V. 3M COMPANY INC. ET AL**
**52-CV-2024-900232.00**

The following complaint was FILED on 5/25/2024 12:48:37 PM

Notice Date:      5/25/2024 12:48:37 PM

**CHRIS PRIEST**
**CIRCUIT COURT CLERK**
MORGAN COUNTY, ALABAMA
302 LEE STREET
POST OFFICE BOX 668
DECATUR, AL 35602

256-351-4720
chris.priest@alacourt.gov



USPS CERTIFIED MAIL

9236 0901 7301 4152 2400 0159 99

302 LEE STREET
POST OFFICE BOX 668
DECATUR, AL, 35602

**52-CV-2024-900232.00**

**Restricted Delivery**

To: DAIKIN AMERICA, INC.
C/O CT CORPORATION SYSTEM
2 N JACKSON ST, STE 605
MONTGOMERY, AL 36104

# NOTICE OF ELECTRONIC FILING

**IN THE CIRCUIT COURT OF MORGAN COUNTY, ALABAMA**

**LARRY CLOPTON V. 3M COMPANY INC. ET AL**
**52-CV-2024-900232.00**

The following complaint was FILED on 5/25/2024 12:48:37 PM

Notice Date:        5/25/2024 12:48:37 PM

**CHRIS PRIEST**
**CIRCUIT COURT CLERK**
MORGAN COUNTY, ALABAMA
302 LEE STREET
POST OFFICE BOX 668
DECATUR, AL 35602

256-351-4720
chris.priest@alacourt.gov

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 7/2023 | SUMMONS<br>- CIVIL - | Court Case Number<br>52-CV-2024-900232.00 |
| --- | --- | --- |

**IN THE CIRCUIT COURT OF MORGAN COUNTY, ALABAMA**
**LARRY CLOPTON V. 3M COMPANY INC. ET AL**

**NOTICE TO:** 3M COMPANY INC., C/O CORP SERVICE CO 641 SOUTH LAWRENCE STREET, MONTGOMEERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), JASON W. EARLEY
,

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 800 Shades Creek Parkway, Suite 800, BIRMINGHAM, AL 35209
.

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request below of    LARRY CLOPTON
pursuant to the Alabama Rules of the Civil Procedure.    *[Name(s)]*

| 05/25/2024 | /s/ CHRIS PRIEST | By: |
| --- | --- | --- |
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.    /s/ JASON W. EARLEY

*(Plaintiff's/Attorney's Signature)*

**RETURN ON SERVICE**

*Certified Mail*

☐ Return receipt of certified mail received in this office on _____ .

*(Date)*

*Personal/Authorized*

☐ I certify that I personally delivered a copy of this Summons and the Complaint or other document to
_____ in _____ County, Alabama on _____ .

*(First and Last Name of Person Served)*   *(Name of County)*   *(Date)*

Document left:

☐ with above-named Defendant;

☐ with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ at the above-named Defendant's dwelling house or place or usual place of abode with some person of suitable age and discretion then residing therein.

*Return of Non-Service*

☐ I certify that service of process of this Summons and the Complaint or other document was refused by
_____ in _____ County, Alabama on _____ who is:

*(First and Last Name of Person Served)*   *(Name of County)*   *(Date)*

☐ the above-named Defendant;

☐ an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am at least 19 years of age, I am not a party to this proceeding, and I am not related within the third degree by blood or marriage to the party seeking service of process.

| *(Type of Process Server)* | *(Server's Signature)* | *(Address of Server)* |
| --- | --- | --- |
| *(Badge or Precinct Number of Sheriff or Constable)* | *(Server's Printed Name)* | |
| *(Badge or Precinct Number of Sheriff or Constable)* | *(Telephone Number of Designated Process Server)* | |

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 7/2023 | SUMMONS<br>- CIVIL - | Court Case Number<br>52-CV-2024-900232.00 |
|---|---|---|

## IN THE CIRCUIT COURT OF MORGAN COUNTY, ALABAMA
## LARRY CLOPTON V. 3M COMPANY INC. ET AL

**NOTICE TO:** TORAY FLUOROFIBERS (AMERICA), INC., C/O M. EDWARD JAMIESON 2032 HIGHWAY 20, DECATUR, AL 35601

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), JASON W. EARLEY                                                                                                                                                                  ,

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 800 Shades Creek Parkway, Suite 800, BIRMINGHAM, AL 35209                                    .

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request below of     LARRY CLOPTON
pursuant to the Alabama Rules of the Civil Procedure.                                   *[Name(s)]*

| 05/25/2024 | /s/ CHRIS PRIEST | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.        /s/ JASON W. EARLEY

                                          *(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

*Certified Mail*

☐ Return receipt of certified mail received in this office on _____ .

                                                    *(Date)*

*Personal/Authorized*

☐ I certify that I personally delivered a copy of this Summons and the Complaint or other document to

_____ in _____ County, Alabama on _____ .

*(First and Last Name of Person Served)*      *(Name of County)*           *(Date)*

Document left:

     ☐ with above-named Defendant;

     ☐ with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

     ☐ at the above-named Defendant's dwelling house or place or usual place of abode with some person of suitable age and discretion then residing therein.

*Return of Non-Service*

☐ I certify that service of process of this Summons and the Complaint or other document was refused by

_____ in _____ County, Alabama on _____ who is:

*(First and Last Name of Person Served)*      *(Name of County)*           *(Date)*

     ☐ the above-named Defendant;

     ☐ an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am at least 19 years of age, I am not a party to this proceeding, and I am not related within the third degree by blood or marriage to the party seeking service of process.

| *(Type of Process Server)* | *(Server's Signature)* | *(Address of Server)* |
|---|---|---|
| *(Badge or Precinct Number of Sheriff or Constable)* | *(Server's Printed Name)* | |
| *(Badge or Precinct Number of Sheriff or Constable)* | *(Telephone Number of Designated Process Server)* | |

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 7/2023 | SUMMONS<br>- CIVIL - | Court Case Number<br>52-CV-2024-900232.00 |
|---|---|---|

## IN THE CIRCUIT COURT OF MORGAN COUNTY, ALABAMA
## LARRY CLOPTON V. 3M COMPANY INC. ET AL

**NOTICE TO:**  DAIKIN AMERICA, INC., C/O CT CORPORATION SYSTEM 2 N JACKSON ST, STE 605, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), JASON W. EARLEY                                                                                                                    ,

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 800 Shades Creek Parkway, Suite 800, BIRMINGHAM, AL 35209                          .

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request below of       LARRY CLOPTON
pursuant to the Alabama Rules of the Civil Procedure.                                                                        *[Name(s)]*

| 05/25/2024 | /s/ CHRIS PRIEST | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.          /s/ JASON W. EARLEY

*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

*Certified Mail*

☐ Return receipt of certified mail received in this office on _____ .

*(Date)*

*Personal/Authorized*

☐ I certify that I personally delivered a copy of this Summons and the Complaint or other document to

_____ in _____ County, Alabama on _____ .

*(First and Last Name of Person Served)*          *(Name of County)*          *(Date)*

Document left:

☐ with above-named Defendant;

☐ with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ at the above-named Defendant's dwelling house or place or usual place of abode with some person of suitable age and discretion then residing therein.

*Return of Non-Service*

☐ I certify that service of process of this Summons and the Complaint or other document was refused by

_____ in _____ County, Alabama on _____ who is:

*(First and Last Name of Person Served)*          *(Name of County)*          *(Date)*

☐ the above-named Defendant;

☐ an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am at least 19 years of age, I am not a party to this proceeding, and I am not related within the third degree by blood or marriage to the party seeking service of process.

| *(Type of Process Server)* | *(Server's Signature)* | *(Address of Server)* |
|---|---|---|
| *(Badge or Precinct Number of Sheriff or Constable)* | *(Server's Printed Name)* | |
| *(Badge or Precinct Number of Sheriff or Constable)* | *(Telephone Number of Designated Process Server)* | |



# NOTICE TO CLERK

REQUIREMENTS FOR COMPLETING SERVICE BY
CERTIFIED MAIL OR FIRST CLASS MAIL

IN THE CIRCUIT COURT OF MORGAN COUNTY, ALABAMA
LARRY CLOPTON V. 3M COMPANY INC. ET AL

52-CV-2024-900232.00

To:   CLERK MORGAN
      clerk.morgan@alacourt.gov

TOTAL POSTAGE PAID: $48.96

Parties to be served by Certified Mail - Return Receipt Requested

Parties to be served by Certified Mail - Restricted Delivery - Return Receipt Requested

3M COMPANY INC.                                          Postage: $16.32
C/O CORP SERVICE CO
641 SOUTH LAWRENCE STREET
MONTGOMEERY, AL 36104

TORAY FLUOROFIBERS (AMERICA), INC.                      Postage: $16.32
C/O M. EDWARD JAMIESON
2032 HIGHWAY 20
DECATUR, AL 35601

DAIKIN AMERICA, INC.                                    Postage: $16.32
C/O CT CORPORATION SYSTEM
2 N JACKSON ST, STE 605
MONTGOMERY, AL 36104

Parties to be served by First Class Mail

**UNITED STATES POSTAL SERVICE**

June 3, 2024

Dear Circuit Clerk:

| UJS Information | |
| --- | --- |
| | Intended Recipient: |
| Case Number: 52-CV-2024-900232.00 | DAIKIN AMERICA, INC.  (D003) |
| Document Type: Complaint | C/O CT CORPORATION SYSTEM |
| Restricted Delivery Requested: Yes | 2 N JACKSON ST, STE 605 |
| | MONTGOMERY, AL 36104 |

The following is in response to your request for proof of delivery on your item with the tracking number: **9236 0901 7301 4152 2400 0159 99**.

## Item Details

| | |
| --- | --- |
| **Status:** | Delivered, Individual Picked Up at Postal Facility |
| **Status Date / Time:** | June 3, 2024, 10:26 am |
| **Location:** | MONTGOMERY, AL 36104 |
| **Postal Product:** | First-Class Mail® |
| **Extra Services:** | Certified Mail Restricted Delivery |
| | Return Receipt Electronic |

## Recipient Signature

Signature of Recipient: 

Address of Recipient:

Note: Scanned image may reflect a different destination address due to Intended Recipient's delivery instructions on file.

Thank you for selecting the United States Postal Service® for your mailing needs. If you require additional assistance, please contact your local Post Office™ or a Postal representative at 1-800-222-1811.

Sincerely,
United States Postal Service®
475 L'Enfant Plaza SW
Washington, D.C. 20260-0004



**AlaFile E-Notice**

52-CV-2024-900232.00

Judge: JENNIFER M. HOWELL

To:  EARLEY JASON WAYNE
jason@hwnn.com

---

# NOTICE OF SERVICE

---

IN THE CIRCUIT COURT OF MORGAN COUNTY, ALABAMA

LARRY CLOPTON V. 3M COMPANY INC. ET AL
52-CV-2024-900232.00

The following matter was served on 6/3/2024

D003 DAIKIN AMERICA, INC.
Corresponding To
CERTIFIED MAIL
ELECTRONIC CERTIFIED MAIL RETURN

CHRIS PRIEST
CIRCUIT COURT CLERK
MORGAN COUNTY, ALABAMA
302 LEE STREET
POST OFFICE BOX 668
DECATUR, AL, 35602

256-351-4720
chris.priest@alacourt.gov



AlaFile E-Notice

52-CV-2024-900232.00

Judge: JENNIFER M. HOWELL

To: SMITH TEMPE DORINDA
tempe@hwnn.com

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF MORGAN COUNTY, ALABAMA

LARRY CLOPTON V. 3M COMPANY INC. ET AL
52-CV-2024-900232.00

The following matter was served on 6/3/2024

D003 DAIKIN AMERICA, INC.
Corresponding To
CERTIFIED MAIL
ELECTRONIC CERTIFIED MAIL RETURN

CHRIS PRIEST
CIRCUIT COURT CLERK
MORGAN COUNTY, ALABAMA
302 LEE STREET
POST OFFICE BOX 668
DECATUR, AL, 35602

256-351-4720
chris.priest@alacourt.gov



AlaFile E-Notice

52-CV-2024-900232.00

Judge: JENNIFER M. HOWELL

To: RANDOLPH CHRISTOPHER SCOT
chris@hwnn.com

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF MORGAN COUNTY, ALABAMA

LARRY CLOPTON V. 3M COMPANY INC. ET AL
52-CV-2024-900232.00

The following matter was served on 6/3/2024

D003 DAIKIN AMERICA, INC.
Corresponding To
CERTIFIED MAIL
ELECTRONIC CERTIFIED MAIL RETURN

CHRIS PRIEST
CIRCUIT COURT CLERK
MORGAN COUNTY, ALABAMA
302 LEE STREET
POST OFFICE BOX 668
DECATUR, AL, 35602

256-351-4720
chris.priest@alacourt.gov



AlaFile E-Notice

52-CV-2024-900232.00

Judge: JENNIFER M. HOWELL

To:  GARNETT HUNTER SCOTT
hunter@gpinjurylaw.com

---

# NOTICE OF SERVICE

---

IN THE CIRCUIT COURT OF MORGAN COUNTY, ALABAMA

LARRY CLOPTON V. 3M COMPANY INC. ET AL
52-CV-2024-900232.00

The following matter was served on 6/3/2024

D003 DAIKIN AMERICA, INC.
Corresponding To
CERTIFIED MAIL
ELECTRONIC CERTIFIED MAIL RETURN

CHRIS PRIEST
CIRCUIT COURT CLERK
MORGAN COUNTY, ALABAMA
302 LEE STREET
POST OFFICE BOX 668
DECATUR, AL, 35602

256-351-4720
chris.priest@alacourt.gov



AlaFile E-Notice

52-CV-2024-900232.00

Judge: JENNIFER M. HOWELL

To: 3M COMPANY INC. (PRO SE)
C/O CORP SERVICE CO
641 SOUTH LAWRENCE STREET
MONTGOMEERY, AL, 36104-0000

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF MORGAN COUNTY, ALABAMA

LARRY CLOPTON V. 3M COMPANY INC. ET AL
52-CV-2024-900232.00

The following matter was served on 6/3/2024

D003 DAIKIN AMERICA, INC.
Corresponding To
CERTIFIED MAIL
ELECTRONIC CERTIFIED MAIL RETURN

CHRIS PRIEST
CIRCUIT COURT CLERK
MORGAN COUNTY, ALABAMA
302 LEE STREET
POST OFFICE BOX 668
DECATUR, AL, 35602

256-351-4720
chris.priest@alacourt.gov



AlaFile E-Notice

52-CV-2024-900232.00

Judge: JENNIFER M. HOWELL

To: TORAY FLUOROFIBERS (AMERICA), INC. (PRO SE)
C/O M. EDWARD JAMIESON
2032 HIGHWAY 20
DECATUR, AL, 35601-0000

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF MORGAN COUNTY, ALABAMA

LARRY CLOPTON V. 3M COMPANY INC. ET AL
52-CV-2024-900232.00

The following matter was served on 6/3/2024

D003 DAIKIN AMERICA, INC.
Corresponding To
CERTIFIED MAIL

ELECTRONIC CERTIFIED MAIL RETURN

CHRIS PRIEST
CIRCUIT COURT CLERK
MORGAN COUNTY, ALABAMA
302 LEE STREET
POST OFFICE BOX 668
DECATUR, AL, 35602

256-351-4720
chris.priest@alacourt.gov



**AlaFile E-Notice**

52-CV-2024-900232.00

Judge: JENNIFER M. HOWELL

To: DAIKIN AMERICA, INC. (PRO SE)
C/O CT CORPORATION SYSTEM
2 N JACKSON ST, STE 605
MONTGOMERY, AL, 36104-0000

---

# NOTICE OF SERVICE

---

IN THE CIRCUIT COURT OF MORGAN COUNTY, ALABAMA

LARRY CLOPTON V. 3M COMPANY INC. ET AL
52-CV-2024-900232.00

The following matter was served on 6/3/2024

D003 DAIKIN AMERICA, INC.
Corresponding To
CERTIFIED MAIL

ELECTRONIC CERTIFIED MAIL RETURN

CHRIS PRIEST
CIRCUIT COURT CLERK
MORGAN COUNTY, ALABAMA
302 LEE STREET
POST OFFICE BOX 668
DECATUR, AL, 35602

256-351-4720
chris.priest@alacourt.gov

**UNITED STATES POSTAL SERVICE**

June 3, 2024

Dear Circuit Clerk:

| UJS Information | |
|---|---|
| Case Number: 52-CV-2024-900232.00<br>Document Type: Complaint<br>Restricted Delivery Requested: Yes | Intended Recipient:<br> 3M COMPANY INC.  (D001)<br>C/O CORP SERVICE CO<br>641 SOUTH LAWRENCE STREET<br>MONTGOMEERY, AL 36104 |

The following is in response to your request for proof of delivery on your item with the tracking number:
**9236 0901 7301 4152 2400 0159 75**.

## Item Details

| | |
|---|---|
| **Status:** | Delivered, Left with Individual |
| **Status Date / Time:** | June 3, 2024, 10:01 am |
| **Location:** | MONTGOMERY, AL 36104 |
| **Postal Product:** | First-Class Mail® |
| **Extra Services:** | Certified Mail Restricted Delivery |
| | Return Receipt Electronic |

## Recipient Signature

Signature of Recipient:

Address of Recipient:

Note: Scanned image may reflect a different destination address due to Intended Recipient's delivery instructions on file.

Thank you for selecting the United States Postal Service® for your mailing needs. If you require additional assistance, please contact your local Post Office™ or a Postal representative at 1-800-222-1811.

Sincerely,
United States Postal Service®
475 L'Enfant Plaza SW
Washington, D.C. 20260-0004



AlaFile E-Notice

52-CV-2024-900232.00

Judge: JENNIFER M. HOWELL

To:  EARLEY JASON WAYNE
jason@hwnn.com

---

# NOTICE OF SERVICE

---

IN THE CIRCUIT COURT OF MORGAN COUNTY, ALABAMA

LARRY CLOPTON V. 3M COMPANY INC. ET AL
52-CV-2024-900232.00

The following matter was served on 6/3/2024

**D001 3M COMPANY INC.**

**Corresponding To**

CERTIFIED MAIL

ELECTRONIC CERTIFIED MAIL RETURN

CHRIS PRIEST
CIRCUIT COURT CLERK
MORGAN COUNTY, ALABAMA
302 LEE STREET
POST OFFICE BOX 668
DECATUR, AL, 35602

256-351-4720
chris.priest@alacourt.gov



AlaFile E-Notice

52-CV-2024-900232.00

Judge: JENNIFER M. HOWELL

To:   SMITH TEMPE DORINDA
tempe@hwnn.com

---

# NOTICE OF SERVICE

---

IN THE CIRCUIT COURT OF MORGAN COUNTY, ALABAMA

LARRY CLOPTON V. 3M COMPANY INC. ET AL
52-CV-2024-900232.00

The following matter was served on 6/3/2024

**D001 3M COMPANY INC.**

**Corresponding To**

CERTIFIED MAIL

ELECTRONIC CERTIFIED MAIL RETURN

CHRIS PRIEST
CIRCUIT COURT CLERK
MORGAN COUNTY, ALABAMA
302 LEE STREET
POST OFFICE BOX 668
DECATUR, AL, 35602

256-351-4720
chris.priest@alacourt.gov



AlaFile E-Notice

52-CV-2024-900232.00

Judge: JENNIFER M. HOWELL

To:  RANDOLPH CHRISTOPHER SCOT
chris@hwnn.com

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF MORGAN COUNTY, ALABAMA

LARRY CLOPTON V. 3M COMPANY INC. ET AL
52-CV-2024-900232.00

The following matter was served on 6/3/2024

**D001 3M COMPANY INC.**

**Corresponding To**

CERTIFIED MAIL

ELECTRONIC CERTIFIED MAIL RETURN

CHRIS PRIEST
CIRCUIT COURT CLERK
MORGAN COUNTY, ALABAMA
302 LEE STREET
POST OFFICE BOX 668
DECATUR, AL, 35602

256-351-4720
chris.priest@alacourt.gov

AlaFile E-Notice

52-CV-2024-900232.00

Judge: JENNIFER M. HOWELL

To:  GARNETT HUNTER SCOTT
hunter@gpinjurylaw.com

---

# NOTICE OF SERVICE

---

IN THE CIRCUIT COURT OF MORGAN COUNTY, ALABAMA

LARRY CLOPTON V. 3M COMPANY INC. ET AL
52-CV-2024-900232.00

The following matter was served on 6/3/2024

**D001 3M COMPANY INC.**

**Corresponding To**

CERTIFIED MAIL

ELECTRONIC CERTIFIED MAIL RETURN

CHRIS PRIEST
CIRCUIT COURT CLERK
MORGAN COUNTY, ALABAMA
302 LEE STREET
POST OFFICE BOX 668
DECATUR, AL, 35602

256-351-4720
chris.priest@alacourt.gov



AlaFile E-Notice

52-CV-2024-900232.00

Judge: JENNIFER M. HOWELL

To:  3M COMPANY INC. (PRO SE)
C/O CORP SERVICE CO
641 SOUTH LAWRENCE STREET
MONTGOMEERY, AL, 36104-0000

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF MORGAN COUNTY, ALABAMA

LARRY CLOPTON V. 3M COMPANY INC. ET AL
52-CV-2024-900232.00

The following matter was served on 6/3/2024

**D001 3M COMPANY INC.**

**Corresponding To**

CERTIFIED MAIL

ELECTRONIC CERTIFIED MAIL RETURN

CHRIS PRIEST
CIRCUIT COURT CLERK
MORGAN COUNTY, ALABAMA
302 LEE STREET
POST OFFICE BOX 668
DECATUR, AL, 35602

256-351-4720
chris.priest@alacourt.gov



AlaFile E-Notice

52-CV-2024-900232.00

Judge: JENNIFER M. HOWELL

To:   TORAY FLUOROFIBERS (AMERICA), INC. (PRO SE)
      C/O M. EDWARD JAMIESON
      2032 HIGHWAY 20
      DECATUR, AL, 35601-0000

---

# NOTICE OF SERVICE

---

IN THE CIRCUIT COURT OF MORGAN COUNTY, ALABAMA

LARRY CLOPTON V. 3M COMPANY INC. ET AL
52-CV-2024-900232.00

The following matter was served on 6/3/2024

**D001 3M COMPANY INC.**

**Corresponding To**

CERTIFIED MAIL

ELECTRONIC CERTIFIED MAIL RETURN

CHRIS PRIEST
CIRCUIT COURT CLERK
MORGAN COUNTY, ALABAMA
302 LEE STREET
POST OFFICE BOX 668
DECATUR, AL, 35602

256-351-4720
chris.priest@alacourt.gov



AlaFile E-Notice

52-CV-2024-900232.00

Judge: JENNIFER M. HOWELL

To:  DAIKIN AMERICA, INC. (PRO SE)
C/O CT CORPORATION SYSTEM
2 N JACKSON ST, STE 605
MONTGOMERY, AL, 36104-0000

---

# NOTICE OF SERVICE

---

IN THE CIRCUIT COURT OF MORGAN COUNTY, ALABAMA

LARRY CLOPTON V. 3M COMPANY INC. ET AL
52-CV-2024-900232.00

The following matter was served on 6/3/2024

**D001 3M COMPANY INC.**
**Corresponding To**
CERTIFIED MAIL

ELECTRONIC CERTIFIED MAIL RETURN

CHRIS PRIEST
CIRCUIT COURT CLERK
MORGAN COUNTY, ALABAMA
302 LEE STREET
POST OFFICE BOX 668
DECATUR, AL, 35602

256-351-4720
chris.priest@alacourt.gov